**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DARRELL PRINCE,

      *Plaintiff,*

   v.

DISTRICT OF COLUMBIA, PUBLIC
LIBRARY STAFF, RICHARD REYES-
GAVILAN, *Executive Director, Chief of
All Facets of Library Administration*,
DOUGLASS MORENCY, *Director of
Public Safety, Training issues, FOIA Chain
of Command*, DARRYL WILLIAMS,
*Present Officer*, BRIAN FRANKLIN,
*Arresting Officer*, APRIL OVENS,
*Librarian*, DCPL LEGAL COUNSEL, and
OFFICER DAVIS, *Interviewing Officer*,

      *Defendants.*

2022-CV-00746 (JEB)

**DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant District of Columbia (the District) moves for dismissal, under Fed. R. Civ. P.

12(b)(6), of Plaintiff Darrell Prince's (Prince) Amended Complaint on the grounds that this

Court lacks original jurisdiction over this action.  Prince fails to state a valid constitutional claim

against the District under any theory of liability.

A memorandum of points and authorities is attached for this Court's consideration.  A

proposed Order is also attached.

Dated: July 28, 2022            Respectfully submitted,

                                KARL A. RACINE
                                Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division


*/s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I


*/s/ Nicole Marimon*
NICOLE MARIMON[1]
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division, Section I
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 705-1213 (direct)
Email: nicole.marimon@dc.gov

*Counsel for Defendant District of Columbia*

---

[1]    Admitted to practice only in the State of New York.  Practicing in the District of Columbia under the direct supervision of Patricia A. Oxendine, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DARRELL PRINCE, | |
| *Plaintiff,* | |
| v. | 2022-CV-00746 (JEB) |
| DISTRICT OF COLUMBIA, PUBLIC LIBRARY STAFF, RICHARD REYES-GAVILAN, *Executive Director, Chief of All Facets of Library Administration*, DOUGLASS MORENCY, *Director of Public Safety, Training issues, FOIA Chain of Command*, DARRYL WILLIAMS, *Present Officer*, BRIAN FRANKLIN, *Arresting Officer*, APRIL OVENS, *Librarian*, DCPL LEGAL COUNSEL, and OFFICER DAVIS, *Interviewing Officer*, | |
| *Defendants.* | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant District of Columbia (the District) submits this memorandum of points and

authorities in support of its motion to dismiss.

**INTRODUCTION**

This Court lacks jurisdiction over this matter because Plaintiff Darrell Prince (Prince)

failed to state a federal constitutional claim against the District.  Thus, dismissal against the

District is warranted.

**FACTS**

Prince alleges that on November 16, 2021, while at the Martin Luther King Library

branch, in the District of Columbia, he engaged in a verbal interaction with a library staffer who

was reprimanding another library patron.  *See* Am. Compl. at 7-8.  As a result of this interaction,

the library staffer allegedly advised that Prince should be removed from the library.  *Id.* at 8.

Then, Prince was allegedly approached by DCPL Special Police Officer Brian Franklin, and he

agreed to leave.  *Id.*  Prince avers that following his verbal agreement to leave, he took a "couple

of steps towards the door" and paused, at which point Office Franklin seized his arm, pushing

him 20-plus feet across the library floor "against [Prince's] resistance."  *Id.* at 8.  Prince claims

that Officer Franklin then placed him under arrest without probable cause and used excessive

force; first by executing a "takedown . . .eventually coming to rest his full weight on [Prince's]

back;" then by shaking him back and forth violently; and finally, by twisting and applying

pressure to the handcuffs he placed on him.  *Id.* at 8-9.  Prince claims that he was not resisting,

and that Officer Franklin used excessive force with no intervention from Officer Williams to de-

escalate the situation.  *Id.* at 9.  Prince submits that after being handcuffed, he was interviewed

by Officer Davis.  And that during the interview, he made multiple assertions of excessive use of

force, but no reference was made to use of force in any of the officers' reports.  *Id.*

On March 17, 2022, Prince sued unknown agents of the District and DCPL staffers

alleging constitutional violations, under the Fifth and Fourteenth Amendments.[2]  *See* 3/17/2022

Compl.  Prince also sued Richard Reyes-Gavilan, Executive Director of DCPL, and Douglass

Morency, Director of Public Safety for DCPL.

Prince filed a motion to appoint counsel, a motion for default and summary judgment,

---

[2]      There is no reference to the Fourteenth Amendment in Prince's Amended Complaint.
But, to the extent any such claims are being asserted they fail as a matter of law.  By its terms,
the Fourteenth Amendment applies only to the States; it does not apply to the Federal
Government or the District of Columbia or its employees.  *See Poindexter v. D.C. Dep't of Corr.*,
891 F. Supp. 2d 117, 125 (D.D.C. 2012) ("The Fourteenth Amendment . . .is not applicable to
the actions of the District or its officials or employees").

and made several requests for leave to file various discovery documents, but each were denied.

*See* Ct. Dkt.  Prince filed an amended complaint on June 29, 2022.  *See* 6/29/2022 Am. Compl.

In the Amended Complaint, Prince has sued the District, Directors Reyes-Gavilan and Morency,

Officer Darryl Williams, Officer Brian Franklin, April Ovens, DCPL Legal Counsel, and Officer

Davis.  *See* Am. Compl.  Prince asserts constitutional violations (First, Fourth, Fifth, and Eighth)

under 42 U.S.C. § 1983, a conspiracy to deny rights via obstruction and an action for negligence

to prevent under 42 U.S.C. §§ 1985(2), 1986, an aggravated assault, assault, false statements

(under both D.C. Code § 22-2405 and 18 U.S.C. § 1001), criminal color of law and conspiracy

action to deny rights, deliberate efforts to slow proceedings, and misprison of felony.  *Id.* at 4-6.

Prince seeks damages for his alleged pain and suffering, punitive damages, and attorney's fees

and costs.  *Id.* 10-11.  Prince also seeks a court review of the use of bans in the DCPL system and

criminal referral to the Department of Justice.  *Id.*  The District now moves to dismiss Prince's

amended complaint under all asserted theories of liability.

## LEGAL STANDARD

A dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper if

the Complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

The determination of whether a dismissal is proper is made on the face of the pleadings alone.

*See Telecomms. of Key West, Inc. v. United States*, 757 F.2d 1330, 1335 (D.C. Cir. 1985).  A

plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 559 U.S. 544, 570 (2007).  A complaint, therefore, "requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do" in order to survive a Rule 12(b)(6) motion to dismiss.  *Id.* at 555.  "Factual

allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citing 5

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 1216 (3d ed. 2004)).  Courts, thus, "are not bound to accept as true a legal

conclusion couched as a factual allegation."  *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286,

106 S.Ct. 2932 (1986)).

To survive a motion to dismiss filed under Rule 12(b)(6), a complaint must contain

sufficient facts, accepted as true, to state a claim "that is plausible on its face."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  When considering a Rule 12(b)(6) motion, the Court must accept as

true all of the factual allegations contained in the complaint, but not the legal conclusions.  *Id.*  In

addition, "only a complaint that states a plausible claim for relief survives a motion to dismiss."

*Id.* at 679.  The Court need not accept inferences drawn by the plaintiff if those inferences are

unsupported by facts alleged in a complaint, nor must the Court accept the plaintiff's legal

conclusion.  *Id.*  A claim is facially plausible when the factual content "allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

While plausibility does not equate to the "probability requirement, [a plaintiff must show] more

than a sheer possibility that a defendant acted unlawfully.  *Id.*  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

**ARGUMENT**

**I.**    **<u>The Court Lacks Jurisdiction Over this Action</u>.**

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States."  Indeed, federal

courts may hear "all cases, in law and equity, arising under this Constitution, [and] the laws of

the United States...."  *See* US Const, Art III, Sec 2.  And it may hear state law claims, if federal

law is an essential component of it.  *See also Osborn v. Bank of the United States*, 22 U.S. 738

(1824).  Similarly, 28 U.S.C. § 1343 provides district courts with original jurisdiction for civil actions:

(1)   To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2)   To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3)   To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4)   To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

As shown below, because Prince has raised no viable federal claim against the District to provide this Court with original jurisdiction over this action, dismissal is warranted.

### A.   Prince May Not Maintain His Municipal Liability Claim Against the District Under 42 U.S.C. § 1983.

Prince asserts claims against the District, under the First, Fourth, Fifth, and Eighth Amendments, under 42 U.S.C. § 1983.  As a threshold matter, the Eighth Amendment is not applicable here because Prince was a pretrial detainee as he had not been convicted of any crimes.  *See* Am. Compl.  *See also Brogsdale v. Barry,* 926 F.2d 1184, 1188 (D.C. Cir. 1991); *Estate of Gaither v. District of Columbia*, 655 F.Supp.2d 69, 85–86 (D.D.C. 2009); *see also Bell v. Wolfish,* 441 U.S. 520, 593 (1979) (holding that Fifth Amendment is applicable to pretrial detainees); *Riley v. Dorton,* 115 F.3d 1159, 1166 (4th Cir. 1997) (citing *Graham v. Connor*, 490 U.S. 386, 392 n. 6 (1989)) (The Eighth Amendment does not apply until after conviction and sentence.)

Municipal liability under § 1983 is severely limited and does not allow for *respondeat superior* liability under the First, Fourth, or Fifth Amendments.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  A § 1983 plaintiff must identify a municipal policy, custom, or practice that caused the plaintiff's alleged constitutional injury.  *See Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *see also Bush v. District of Columbia*, 595 F.3d 384, 386 (D.C. Cir. 2010).  As explained in *Monell*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."  436 U.S. at 694.

The Supreme Court has further instructed that "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."  *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).  Stated otherwise, the municipal policy, practice, or custom must be the "moving force" behind the alleged constitutional injury.  *See Monell*, 436 U.S. 658.  Section 1983 liability is not imposed where the municipality merely employs an alleged tortfeasor, *see id.*, or "when the municipality was not itself at fault."  *City of Oklahoma*, 471 U.S. at 818.  Prince's complaint fails to meet these stringent standards.  *See* Am. Compl.

Under the First Amendment, to establish a retaliation claim, "a plaintiff must demonstrate '(1) that he engaged in protected conduct; (2) that the government took some retaliatory action sufficient to deter a person of ordinary firmness in plaintiff's position from speaking again; and (3) that there exists a causal link between the exercise of a constitutional right and the adverse action taken against him.'"  *Goodwin v. D.C.*, No. 21-CV-806 (BAH), 2022 WL 123894, at *10 (D.D.C. Jan. 13, 2022) (citing *Doe v. District of Columbia*, 796 F.3d 96, 106 (D.C. Cir. 2015))

(citations omitted).  Prince's claims seem to be premised on his verbal engagement with District employees while within the DCPL, and the arrest which allegedly ensued.  *See* Am. Compl. Prince identifies two Fourth Amendment violations, "unreasonable reckless excessive force" and "unlawful seizure," and four substantive due process claims under the Fifth Amendment, "life/bodily harm," "liberty-false arrest," "liberty-unlawful seizure," and "procedural due process-use of force without appropriate or proportional cause."[3]  *See* Am. Compl. at 5-6. Specifically, Prince alleges he was falsely arrested and excessive force was used against him during the arrest.  *See* Am. Compl. at 8-9.  The Fifth Amendment "is intended to prevent government officials from abusing their power or employing it as an instrument of oppression." *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998).  A plaintiff may make a substantive due process claim for misconduct so long as his claim is not "covered by a specific constitutional provision, such as the Fourth or Eighth Amendment."  *Lewis*, 523 U.S. at 843.  "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular source of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims.  *Id.* at 842.  When the police misconduct at issue "'arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, … rather than under a 'substantive due process' approach [of the Fifth Amendment].'"  *Matthews v. District of Columbia*, 730 F. Supp. 2d 33, 36 (D.D.C. 2010) (quoting *Graham v. Connor*, 490 U.S. 386, at 394 (1989)).

---

[3]     While Prince alleges this is a procedural due process claim, the language used to describe the claim makes it clear that the claim for relief is one based on excessive force.

Here, Prince's claims for relief from the alleged false arrest and excessive force used during the arrest are governed by the Fourth Amendment, not the Fifth Amendment. *See Elkins v. District of Columbia*, 690 F.3d 554, 562 (D.C. Cir. 2012) (search of her home or the seizure of documents is not a claim under the Fifth Amendment because plaintiff's remedy is expressly governed by Fourth Amendment). As a result, the Fifth Amendment claims are duplicative and merge into the Fourth Amendment ones. *See Matthews*, 730 F.Supp.2d at 36 (Fifth Amendment claim merges with Fourth Amendment claim).

None of Prince's asserted claims under any identified amendment may be maintained against the District as they are constitutionally infirm. Indeed, the four corners of Prince's amended complaint contain no facts from which the Court could reasonably infer that he suffered constitutional harm under any asserted amendment as a result of a District policy, practice, or custom *Id.* Rather, the crux of Prince's § 1983 claims is that Officer Darryl Williams, Officer Brian Franklin, and unnamed library staff engaged in alleged constitutional misconduct that resulted in his injuries. *Id.* In fact, each allegation raised relates exclusively to alleged conduct arising from his arrest by District employees and agents. As Prince asserts, his constitutional rights were violated because: (1) penalties were applied in response to "reasonable, protected speech;" (2) he was falsely arrested using excessive force; (3) he was not issued a "notice of barring;" (4) records were deliberately slow walked; (5) negligent training; (6) a failure to initiate a criminal procedure; and (7) because facts were omitted from official reports. *See* Am. Compl. at 5-6. While a policy under § 1983 may stem from a failure to train, Prince's conclusory allegations to support his "negligent training" claim are not enough to support municipal liability. An unsupported allusion to an "unfortunate number of violations of MPD use of force" does not amount to an allegation of municipal liability. *See Connick v. Thompson*, 563 U.S. 51,

61, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011); *see also* Am. Compl. at 5, 10-11.  "[A] municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).  Deliberate indifference is a stringent standard that requires showing "policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." *Id.* (citing *Bryan County*, 520 U.S. at 410).  Here, because there is no *respondeat liability* under § 1983, and Prince pleaded no facts that any of the alleged misconduct by District employees and agents stemmed from a District custom, practice or policy, he failed to set forth a municipal liability claim against the District and dismissal is warranted.

**B.**    **Prince Fails to Allege a Viable Conspiracy Claim Against this Defendant to Support His Claim Under 42 U.S.C. §§ 1985 Or 1986.**

Prince seeks to hold the District liable for conspiration under 42 U.S.C. § 1985 (Conspiracy to Interfere with Civil Rights) and 1986 (Action for Negligent Failure to Prevent). *See* Compl.  Section 1985 provides:

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

*See* 42 U.S.C. § 1985(2).  In order to assert a claim under § 1985(2), a plaintiff must allege: (1) the existence of an actual conspiracy, and (2) a racial or class based discriminatory animus.  *See Burnett v. Sharma*, 511 F. Supp. 2d 136, 143-44 (D.D.C. 2007) (citing *Kush v. Rutledge*, 460 U.S. 719, 725, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983)).  The "elements of civil conspiracy includes: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or

a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by

one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance

of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). "A plaintiff

must set forth more than just conclusory allegations of an agreement to sustain a claim of

conspiracy against a motion to dismiss." *Brady v. Livingood,* 360 F. Supp. 2d 94, 104 (D.D.C.

2004) (citing *Graves v. United States*, 961 F.Supp. 314, 320 (D.D.C.1997)). And under 42

U.S.C. §1986,

> Every person who, having knowledge that any of the wrongs conspired to be done,
> and mentioned in section 1985 of this title, are about to be committed, and having
> power to prevent or aid in preventing the commission of the same, neglects or
> refuses so to do, if such wrongful act be committed, shall be liable to the party
> injured, or his legal representatives, for all damages caused by such wrongful act,
> which such person by reasonable diligence could have prevented; and such
> damages may be recovered in an action on the case; and any number of persons
> guilty of such wrongful neglect or refusal may be joined as defendants in the action;
> and if the death of any party be caused by any such wrongful act and neglect….

The intracorporate conspiracy doctrine provides that "a corporation cannot conspire with

its employees, and its employees, when acting within the scope of their employment, cannot

conspire among themselves." *See Tabb v. District of Columbia*, 477 F. Supp. 2d 185, 190

(D.D.C. 2007). Courts in this jurisdiction have consistently applied the intracorporate conspiracy

doctrine to § 1985 matters brought against the District. *See id.*; *see also Martin v. District of

Columbia,* 968 F. Supp. 2d 159, 169 (D.D.C. 2013); *Tafler v. District of Columbia*, No. CIV.A.

05-1563 PLF, 2006 WL 3254491, at *10 (D.D.C. Nov. 8, 2006); *cf. Lerner v. District of

Columbia*, 362 F.Supp.2d 149, 165 (D.D.C.2005) (intracorporate conspiracy doctrine did not

apply because all of the alleged participants in the conspiracy were *not* employed by the same

entity); *Michelin v. Jenkins*, 704 F. Supp 1, 4 (D.D.C. 1989) (granting motion to dismiss Section

1985(3) claim because District of Columbia Board of Education and its officers constituted a

single entity).  Here, because Prince alleges that all of the individuals are employees of the

District (*see* Am. Compl. at 7), and there are no allegations that any of the District's employees

were acting outside of the scope of their employment, he cannot maintain this conspiracy claim

against the District.

   Prince's claim under § 1985(2) also warrants dismissal because he has failed to allege a

racial or otherwise class-based discriminatory animus behind the alleged conspirator's actions.

*See* Am. Compl.  *See also Burnett*, 511 F. Supp. 2d at 144; *Kush*, 460 U.S. at 725.  While not a

requirement under the first clause of § 1985(2), the language of the second clause of § 1985(2)

"requiring intent to deprive equal protection, or equal privileges and immunities, means that

there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus

behind the conspirator's action." *Kush*, 460 U.S. at 726 (quoting *Griffin v. Breckenridge*, 403

U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)).  In other words, the conspirator's actions must

be motivated by an "intent to deprive their victims of the equal protection of the laws."  *Id.* at

725.  Here, as in *Burnett*, Prince alleges nothing that shows any acts or omissions "motivated by

racial or class-based discriminatory animus."  *Id.* at 725; *see also Burnett*, 511 F. Supp. 2d at

144.  Having failed to allege this necessary element of a claim under § 1985(2), dismissal of this

claim is warranted.

   Similarly, Prince's claim under 42 U.S.C. § 1986 fails as a matter of law.  "Recovery

under § 1986 depends on the existence of a conspiracy under § 1985." *Bowie v. Maddox*, 642

F.3d 1122, 1128 (D.C. Cir. 2011).  Because Prince failed to set forth the existence of a

conspiracy under § 1985, dismissal of this claim under § 1986 is warranted.

C.    **Prince's Claims Based on Criminal Codes Cannot Be Maintained.**

Prince sets forth a series of statutory provisions under Title 22 of the D.C. Code and Title

18 of the United States Code as a basis for his claims.  *See* Am. Compl.  Dismissal of these

claims is warranted as they all relate to criminal conduct rather than civil liability.  Specifically,

as a basis for liability, Prince asserts D.C. Code § 22-404.01–aggravated assault; D.C. Code §

22-404–assault or threatened assault in a menacing manner; stalking; D.C. Code § 22-2405–false

statements, as well as 18 U.S.C. § 241–conspiracy against rights; 18 U.S.C. § 242–deprivation of

rights under color of law; 18 U.S.C. § 1503–influencing or injuring officer or juror generally; 18

U.S.C. § 4–misprision of felony; and 18 U.S.C. § 1001–statements or entries generally.  The

forgoing all pertain to criminal conduct as defined by Title 18 of the United States Code and

Title 22 of the D.C. Code.  And criminal codes do not provide a basis for a private civil cause of

action.  *See Crosby v. Catret*, 308 F. App'x 453, 453 (D.C. Cir. 2009) (citing *Central Bank of*

*Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119

(1994) (refusing to infer a private right of action from a "bare criminal statute")),  *See also*

*Keyter v. Bush*, No. CIV. 03-2496 (EGS), 2004 WL 3591125, at *2 (D.D.C. Aug. 6, 2004)

(dismissing claims under 18 U.S.C. §§ 4, 241-42).  As there is no basis for civil liability under

any of these criminal statutes, Prince's claims under Tile 22 of the D.C. Code and Title 18 of the

United States Code warrant dismissal.

III.    **Prince's Punitive Damages Claim Fails Against the District.**

Prince seeks an award of punitive damages from the District.  *See* Am. Compl. at 10-11.

This claim should be dismissed because punitive damages, absent extraordinary circumstances,

are not available against the District.  And Prince has pleaded no facts to show the existence of

extraordinary circumstances here.  *Id.*  In *Butera v. District of Columbia*, 235 F.3d 637, 658

(D.C. Cir. 2001), the Court of Appeals for the District of Columbia Circuit explained that:

> absent "extraordinary circumstances" punitive damages are
> unavailable against the District of Columbia.  (Citations omitted.)  The
> term "extraordinary circumstances" is a term of art in this context.
> (citations omitted.)

In *Daskalea v. District of Columbia*, 227 F.3d 433, 447 (D.C. Cir. 2000), the court following

*Fact Concerts*, clarified the meaning of "extraordinary circumstances" such as "when a

jurisdiction's taxpayers are directly responsible for perpetrating the polices that cause the

plaintiff's injuries" or "where a municipality or its policymakers have intentionally adopted the

unconstitutional policy that caused the damages in question." 235 F.3d at 658 (*citing City of

Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)).  Here,

because Prince has failed to plead facts to support a punitive damage claim against the District,

his claim for punitive damages warrants dismissal.

**IV.**   **Prince is Not Entitled to Attorney's Fees.**

Prince seeks an award of attorney's fees from the District under the Equal Access to

Justice Act (EAJA).  *See* Am. Compl. at 10.  This claim should be dismissed because a pro se

plaintiff is not entitled to attorney's fees under the EAJA.  *Sai v. Dep't of Homeland Sec.*, 179 F.

Supp. 3d 128, 134 (D.D.C. 2016) ("It is well established in this circuit…that 'pro se plaintiffs

may not recover attorney fees under the EAJA.'") (quoting *Kooritzky v. Herman*, 178 F.3d 1315,

1321 (D.C.Cir.1999)).  And an award of attorney's fees is not warranted on the hypothetical

basis that fees might be awarded were Prince to prevail on his claims while represented by

counsel.  *Id.*  (citing *Calderon v. Ashmus*, 523 U.S. 740, 746, 118 S.Ct. 1694, 140 L.Ed.2d 970

(1998)).  Here, Prince is not represented by counsel; he is proceeding *pro se*.  Thus, Prince's

claim for attorney's fees should be dismissed.

## CONCLUSION

For these reasons, the District's motion should be granted.

Dated: July 28, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division


*/s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I


*/s/ Nicole Marimon*
NICOLE MARIMON[4]
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division, Section I
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 705-1213 (direct)
Email: nicole.marimon@dc.gov

*Counsel for Defendant District of Columbia*

---

[4]      Admitted to practice only in the State of New York.  Practicing in the District of Columbia under the direct supervision of Patricia A. Oxendine, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of Defendant District of Columbia's Motion to Dismiss

Plaintiff's Amended Complaint, memorandum of points and authorities, and proposed were filed

through the CM/ECF system, and served by mail to:


Mr. Darrell Prince
801 Martin Luther King, SE
Washington, D.C. 20020

Mr. Darrell Prince
635 I Street, NE
Washington, D.C. 20002

/s/ *Nicole Marimon*
NICOLE MARIMON
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DARRELL PRINCE,

            *Plaintiff,*

   v.

DISTRICT OF COLUMBIA, PUBLIC
LIBRARY STAFF, RICHARD REYES-
GAVILAN, *Executive Director, Chief of
All Facets of Library Administration*,
DOUGLASS MORENCY, *Director of
Public Safety, Training issues, FOIA Chain
of Command*, DARRYL WILLIAMS,
*Present Officer*, BRIAN FRANKLIN,
*Arresting Officer*, APRIL OVENS,
*Librarian*, DCPL LEGAL COUNSEL, and
OFFICER DAVIS, *Interviewing Officer*,

            *Defendants.*

2022-CV-00746 (JEB)

**ORDER**

      Upon consideration of Defendant District of Columbia's (the District) Motion to Dismiss

Plaintiff Darrell Prince's Amended Complaint, the plaintiff's Opposition, if any, the District's

Reply, and the record, it is by this _____ day of _____ 2022;

      **ORDERED**: that District's Motion is **GRANTED** for the reasons set forth in the motion;

and it is,

      **FURTHER ORDERED:**  that the plaintiff's Amended Complaint is dismissed with

prejudice against the District; and it is,

**SO ORDERED.**

_____
JUDGE JAMES E. BOASBERG
U.S. District Court for the District of Columbia

Copy to:

Mr. Darrell Prince
801 Martin Luther King, SE
Washington, D.C. 20020

Mr. Darrell Prince
635 I Street, NE
Washington, D.C. 20002