**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DARRELL PRINCE,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 22-746 (JEB)** |
| **DISTRICT OF COLUMBIA,** *et al.*, | |
| **Defendants.** | |

**<u>MEMORANDUM OPINION</u>**

In this *pro se* action, Plaintiff Darrell Prince alleges that police officers used excessive force in unlawfully seizing and then arresting him in November 2021 after his eviction from the Martin Luther King Jr. Library here in Washington.  His Amended Complaint names the District of Columbia and multiple individuals as Defendants.  The District alone now moves to dismiss. As Prince has not sufficiently pled the city's municipal liability or established his other claims, the Court will grant the Motion.

**I.      Background**

The Court at this stage sets forth the facts as pled in the Amended Complaint, assuming them to be true.  Prince alleges that on the afternoon of November 16, 2021, a library staffer engaged loudly with two patrons at the library about their eating food on the premises.  <u>See</u> ECF No. 10 (Amended Complaint) at 8.  Prince entered the controversy when he stood up and asked the staffer for "breathing room" on behalf of the patrons.  <u>Id.</u>  The staffer responded by ordering

1

Prince to his seat and stating that he and the other two patrons would be removed from the library.  Id.

Summoned by the staffer, two Metropolitan Police Department officers then arrived on the scene to escort the three from the library.  Id.  Plaintiff "request[ed] some confirmation that there [was] some tangible offense [or] that [he] ha[d] violated some actual library policy."  Id.  Officer Franklin (whose first name is not provided) did not know the offense that caused the ejection.  Id.  Regardless, Prince verbally agreed to leave, gathered his belongings, and started to exit.  Id.  The interaction did not end there, however.

Plaintiff paused after taking a few steps toward the door, which apparently caused Franklin to "immediately seize[] [Prince]'s arm, pushing [him] 20+ feet across the library floor, against [his] resistance."  Id.  Prince asserts that Franklin then executed a takedown and wrestled him to the ground, resting his full weight on Plaintiff's back for several minutes.  Id. at 8–9.  Officer Williams (also without any first name), the other officer present, did not attempt to intervene or slow down Franklin.  Id. at 9.  After several exchanges in which Franklin ordered Prince to stop resisting and Prince responded that he was not doing so, Franklin picked up Plaintiff by his jacket and shook him violently back and forth.  Id.  Franklin then placed Prince under arrest and put him in handcuffs.  Id.  Prince asserts that the report of this incident did not mention use of force, which would have triggered further review.  Id.

On March 17, 2022, Prince brought his initial Complaint against the District of Columbia Public Library and unknown agents of the city.  See ECF No. 1 (Initial Complaint).  He then filed an Amended Complaint, which is the operative pleading, against the District of Columbia, Public Library Staff, District of Columbia Public Library Legal Counsel, Officers Franklin and Williams, and assorted other individuals (named and unnamed) under the First, Fourth, Fifth, and

Eighth Amendments through 42 U.S.C. § 1983.  <u>See</u> Am. Compl. at 1–2, 5–6.  Prince also

asserts a conspiracy to deny rights via obstruction under 42 U.S.C. §§ 1985(2) and 1986.  <u>Id.</u> at

5.  He also cites criminal statutes for aggravated assault, assault, false statements, and misprision

of felony.  <u>Id.</u> at 3–4.  Prince seeks compensatory damages for pain, suffering, and humiliation,

as well as medical expenses.  <u>Id.</u> at 10–11.  He also requests punitive damages and attorney fees

and asks the Court to review the use of bans in the DCPL system and to refer this case criminally

to the Department of Justice.  <u>Id.</u> at 10–12.  The District filed a Motion to Dismiss on July 28,

2022.  <u>See</u> ECF No. 14 (Gov't MTD).  Prince responded with a Motion for Summary Judgment

as well as an Opposition to the Motion to Dismiss on August 19.  <u>See</u> ECF No. 24 (Pl. Opp).

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to

state a claim upon which relief may be granted.  In evaluating such a motion to dismiss, courts

must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of

all inferences that can be derived from the facts alleged.'"  <u>Sparrow v. United Air Lines, Inc.</u>,

216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting <u>Schuler v. United States</u>, 617 F.2d 605, 608 (D.C.

Cir. 1979)).  Although "detailed factual allegations" are not necessary to withstand a Rule

12(b)(6) motion, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face,'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570) — that

is, the facts alleged in the complaint "must be enough to raise a right to relief above the

speculative level."  <u>Twombly</u>, 550 U.S. at 555.

The Court need not accept as true "a legal conclusion couched as a factual

allegation," <u>Trudeau v. FTC</u>, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting <u>Papasan v. Allain</u>, 478

U.S. 265, 286 (1986)), nor "inferences . . . unsupported by the facts set out in the

complaint." Id. (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.

1994)).  And it may consider not only "the facts alleged in the complaint," but also "any

documents either attached to or incorporated in the complaint[,] and matters of which [courts]

may take judicial notice." Equal Employment Opportunity Commission v. St. Francis Xavier

Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997).

## III.   Analysis

The Court separates Prince's claims into three categories — (1) constitutional violations,

(2) conspiracy, and (3) criminal violations — and will address them in turn.

### A.   Constitutional Claims

Plaintiff invokes the First, Fourth, Fifth, and Eighth Amendments in seeking relief under

42 U.S.C. § 1983.  Section 1983 creates liability for anyone who subjects or causes one to be

subjected to deprivation of constitutional "rights, privileges, or immunities."  To state a claim

under § 1983, Prince must allege a predicate constitutional violation.  See Baker v. District of

Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003); Blue v. District of Columbia, 811 F.3d 14, 18

(D.C. Cir. 2015); Offutt v. District of Columbia, No. 21-2589, 2022 WL 4598634, at *3 (D.D.C.

Sept. 30, 2022).  To state a claim against a municipality, moreover, the Complaint must also state

a claim "that a custom or policy of the municipality caused the violation." Offutt, 2022 WL

4598634, at *3 (quoting Baker, 326 F.3d at 1306).

As a brush-clearing exercise, the Court first notes that excessive-force claims are

properly analyzed as arising under the Fourth, rather than the Fifth, Amendment.  See Elkins v.

District of Columbia, 690 F.3d 554, 562 (D.C. Cir. 2012) (citing Graham v. Connor, 490 U.S.

386, 395 (1989)); Matthews v. District of Columbia, 730 F. Supp. 2d 33, 36 (D.D.C. 2010)

4

("Where a section 1983 claim alleging police misconduct 'arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment . . . rather than . . . [the Fifth Amendment].'") (quoting Graham, 490 U.S. at 394).  Prince's so-called substantive-due-process claims of "life/bodily harm," "liberty – false arrest," "liberty – unlawful seizure," and his procedural-due-process claim of "use of force without appropriate or proportional cause," Am. Compl. at 5, are thus more accurately captured by the Fourth Amendment's protections against unlawful seizure.

In addition, Plaintiff's Eighth Amendment claim cannot proceed because such protections apply only to convicted defendants.  See United States v. Riggins, 456 F. Supp. 3d 138, 144 (D.D.C. 2020) ("[N]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense.") (quoting Bell v. Wolfish, 441 U.S. 520, 537 (1979)); Brogsdale v. Barry, 926 F.2d 1184, 1187–88 (D.C. Cir. 1991).  Although Prince was arrested by MPD, he was neither charged nor convicted, meaning that the Eighth Amendment does not apply.

What thus remains are Plaintiff's claims that Defendants violated the Constitution by: (1) retaliating against his "reasonable, protected speech" (First Amendment); (2) unlawfully seizing and falsely arresting him using "unreasonable, reckless excessive force" (Fourth Amendment); and (3) failing to deliver the requisite notice of barring to Plaintiff and omitting the use of force in official reports (Fifth Amendment).  See Am. Compl. at 5–6.

In deciding this Motion, the Court need not consider whether a constitutional violation occurred because it can easily determine that no official governmental policy or custom is the cause of Plaintiff's injury.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–94 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its

employees or agents. Instead, it is when execution of a government's policy or custom

. . . inflicts the injury that the government as an entity is responsible under § 1983.").  This policy

or custom may be (1) an explicit unconstitutional policy, (2) the action of a governmental

policymaker, (3) a knowing failure to act by policymakers so consistent that they have become

"custom," or (4) the government's failure to respond to a known need that rises to the level of

objective "deliberate indifference."  Baker, 326 F.3d at 1306–07.  On the last, Prince would need

to show that the "municipality knew or should have known of the risk of constitutional

violations" for the District to be held liable.  Id. at 1307.

Prince's allegations here focus on the actions of individual library staffers and officers.

In the most generous reading of his Amended Complaint, he implies municipal liability by

asserting negligent training, which the Court infers falls under the category of deliberate

indifference.  See Am. Compl. at 5.  Yet, he never pleads actual facts that would constitute such

deliberate indifference or "put District officials on notice that its training program would cause a

violation of constitutional rights."  Bell v. District of Columbia, 82 F. Supp. 3d 151, 157 (D.D.C.

2015) (granting District's motion to dismiss where plaintiff failed to provide requisite "factual

content" in identifying any pattern of constitutional violations).  Prince weakly tries to allege this

failure to train in his Opposition, claiming that an officer was "seemingly unaware that an actual

reason to rescind someone's library access privileges is necessary or that some documentation is

to be produced when people are to be removed."  ECF No. 24 (Pl. Opp.) at 2.  This is not

enough.  See Trimble v. District of Columbia, 779 F. Supp. 2d 54, 59 (D.D.C. 2011) (finding no

municipal liability where plaintiffs failed to "cite any incident other than the events alleged in

[their] complaint that might provide a basis for concluding that MPD has any [unconstitutional]

policies, practices, or customs"); Thomas v. District of Columbia, No. 21-584, 2021 WL

5769443, at *2 (D.D.C. Dec. 6, 2021) ("A long line of cases in this district have found similarly sparse allegations of a policy or custom to be inadequate to state a claim.") (citing Wells v. Hense, 235 F. Supp. 3d 1, 12–13 n.11 (D.D.C. 2017) (collecting cases)).  Further, that Prince asks as a remedy that the Court review similar situations in the District to determine whether a new training program is needed means that he knows he does not have the facts.  Prince is out of luck under § 1983.

       B.    <u>Conspiracy</u>

    He next seeks to hold the District liable for his injuries under different related theories — Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985(2) and Negligent Failure to Prevent under 42 U.S.C. § 1986.  These statutes work in tandem: failure to show a conspiracy under § 1985 necessarily means that § 1986 cannot be satisfied.  See Bowie v. Maddox, 642 F.3d 1122, 1128 (D.C. Cir. 2011) ("Recovery under § 1986 depends on the existence of a conspiracy under § 1985.").

    Plaintiffs seeking to recover under § 1985 embark on a two-part task.  First, they must allege facts that show an actual conspiracy.  A civil-conspiracy claim requires "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983).  Second, plaintiffs must also show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" that demonstrates an "intent to deprive [a person] of equal protection, or equal privileges and immunities[.]"  Burnett v. Sharma, 511 F. Supp. 2d 136, 144 (D.D.C. 2007) (citing Kush v. Rutledge, 460 U.S. 719, 726 (1983) (internal quotations omitted)).

Prince clears neither hurdle.  First, he never alleges any facts related to a conspiracy in his Complaint, instead relying entirely on conclusory statements.  See Am. Compl at 5; Pl. Opp at 4, 23, 24, 26.  Conclusory allegations, without factual support, such as "events, conversations, or documents indicating that there was ever an agreement or 'meeting of the minds' between any of the defendants[,]" McCreary v. Heath, No. 04-623, 2005 WL 3276257, at *5 (D.D.C. 2005), are insufficient to prove a conspiracy.  See Burnett, 511 F. Supp. 2d at 144; Brady v. Livingood, 360 F. Supp. 2d 94, 104 (D.D.C. 2004); Graves v. United States, 961 F. Supp. 314, 321 (D.D.C. 1997); Barber v. District of Columbia Government, 394 F. Supp. 3d 49, 66 (D.D.C. 2019). Prince also fails to allege any facts that show a race- or class-based discriminatory animus.  This claim, along with any under § 1986, thus cannot survive.

C.      Criminal Offense

Prince last appears to invoke federal and state criminal codes.  Specifically, he cites different provisions relating to aggravated assault, assault, misprision of felony, and false statements.  See Am. Compl. at 3–5.  As the government notes, however, "[C]riminal codes do not provide a basis for a private civil cause of action."  Gov't MTD at 12 (citing Crosby v. Catret, 308 F. App'x 453, 453 (D.C. Cir. 2009)); see also Carmichael v. Pompeo, 486 F. Supp. 3d 360, 376 (D.D.C. 2020); Jean-Baptiste v. Booz Allen Hamilton, Inc., No. 22-1499, 2022 WL 4365747, at *5 (D.D.C. Sept. 21, 2022).

*      *      *

Prince may be able to proceed against an individual who injured him, but not against the city.

**IV.     Conclusion**

The Court, accordingly, will dismiss Plaintiff's claims against the District of Columbia.

A contemporaneous Order will so indicate.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  December 5, 2022