**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DARRELL PRINCE,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 22-746 (JEB)** |
| **DISTRICT OF COLUMBIA, *et al.*,** | |
| **Defendants.** | |

<u>**MEMORANDUM OPINION**</u>

In this *pro se* and *in forma pauperis* action, Plaintiff Darrell Prince alleges that police officers used excessive force in unlawfully seizing and then arresting him in November 2021 during his eviction from the Martin Luther King Jr. Library here in Washington. His Amended Complaint names the District of Columbia and several Library employees as Defendants. The Court previously granted the District's Motion to Dismiss, leaving only the individual employees in the case. It now *sua sponte* reviews the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismisses the claims against most of those employees as insufficiently pled. For the two Defendants who remain after this exercise, the Court then addresses the issue of service.

I.      **Background**

As it did in its prior Opinion, the Court sets forth the facts as pled in the Amended Complaint, assuming them to be true. <u>Prince v. Dist. of Columbia</u>, 2022 WL 17415058, at *1 (D.D.C. Dec. 5, 2022). Prince alleges that on the afternoon of November 16, 2021, a "library

staffer" (also referred to as the "librarian") engaged loudly with two patrons at the library about their eating food on the premises.  <u>See</u> ECF No. 10 (Amended Complaint) at 8.  Prince entered the controversy when he stood up and asked the staffer for "breathing room" on behalf of the patrons.  <u>Id.</u>  She responded by ordering Prince to his seat.  <u>Id.</u>

As a result of this interaction, Plaintiff alleges, the "library staff" determined to remove all three patrons from the premises, including him.  <u>Id.</u>  Two District of Columbia Public Library (DCPL) Special Police officers arrived on the scene to carry out that directive.  <u>Id.</u>  Plaintiff "request[ed] some confirmation that there [was] some tangible offense [or] that [he] ha[d] violated some actual library policy."  <u>Id.</u>  Officer Brian Franklin did not initially know what offense occasioned the ejection, but conferred with library staff before proceeding with the removal.  <u>Id.</u>  Still, he apparently did not give Plaintiff the "pieces of information . . . required [by] Library process" to be included in a "notice of barring."  <u>Id.</u>  As the other officer — Darryl Williams — approached, Prince nonetheless verbally agreed to leave, gathered his belongings, and started to exit with the two officers in tow.  <u>Id.</u>  The interaction did not end there, however.

Plaintiff paused after taking a few steps toward the door, which apparently caused Franklin to "immediately seize[] [Prince]'s arm, pushing [him] 20+ feet across the library floor, against [his] resistance."  <u>Id.</u>  Prince asserts that Franklin then executed a takedown and wrestled him to the ground, resting his full weight on Plaintiff's back for several minutes.  <u>Id.</u> at 8–9.  Williams did not attempt to intervene or slow Franklin down.  <u>Id.</u> at 9.  After several exchanges in which Franklin ordered Prince to stop resisting and Prince responded that he was not doing so, Franklin picked up Plaintiff by his jacket and shook him violently back and forth.  <u>Id.</u>  Franklin then placed Prince under arrest and put him in handcuffs, twisting them forcefully "despite repeated requests to stop."  <u>Id.</u>

Prince also asserts that, in contravention of the Metropolitan Police Department's use-of-force policy, no force-incident report or handcuff complaint was included in the officers' reports of the event.  Id.  Officer Williams did not mention any use of force in his report, nor did an Officer Davis (whose first name is not provided and whose connection to the incident is unclear). Id.  Davis did not, moreover, "offer to investigate the criminality or process" associated with Franklin's "assault and battery" of Prince.  Id.  There is no mention of any report by Franklin.

On March 17, 2022, Prince brought his initial Complaint against the District of Columbia Public Library and unknown agents of the city.  See ECF No. 1 (Initial Complaint).  He then filed an Amended Complaint, which is the operative pleading, against the District of Columbia, DCPL Executive Director Richard Reyes-Gavilan, DCPL Director of Public Safety Douglass Morency, DCPL Legal Counsel (unnamed), as well as Officers Franklin, Williams, and Davis, and Librarian April Ovens under the First, Fourth, Fifth, and Eighth Amendments through 42 U.S.C. § 1983.  See Am. Compl. at 1–2, 5–6.  Prince also asserts a conspiracy to deny rights via obstruction under 42 U.S.C. §§ 1985(2) and 1986.  Id. at 5.  He also cites criminal statutes for aggravated assault, assault, false statements, and misprision of felony.  Id. at 3–4.

In ruling on the District's Motion to Dismiss, the Court concluded that Prince had made out neither a claim for municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), nor any other cause of action, and dismissed it from the suit.  Prince, 2022 WL 17415058, at *2–4.  That decision was affirmed on appeal, and the case has now returned to this Court to chart a course forward.  See Prince v. Dist. of Columbia, 2023 WL 6938135 (D.C. Cir. Oct. 19, 2023); ECF No. 49 (Mandate).  As an initial step, it now sua sponte considers the Amended Complaint to determine whether any other Defendants should be dismissed before turning to the issue of service.  See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss" an in

3

*forma pauperis* plaintiff's claims "at any time" if it "determines that . . . the action . . . fails to

state a claim on which relief may be granted.").

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to

state a claim upon which relief may be granted.  In evaluating such a motion to dismiss, courts

must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of

all inferences that can be derived from the facts alleged.'"  Sparrow v. United Air Lines, Inc.,

216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C.

Cir. 1979)).  Although "detailed factual allegations" are not necessary to withstand a Rule

12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) — that

is, the facts alleged in the complaint "must be enough to raise a right to relief above the

speculative level."  Twombly, 550 U.S. at 555.

The court need not accept as true "a legal conclusion couched as a factual

allegation," Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478

U.S. 265, 286 (1986)), nor "inferences . . . unsupported by the facts set out in the

complaint."  Id. (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.

1994)).  And it may consider not only "the facts alleged in the complaint," but also "any

documents either attached to or incorporated in the complaint[,] and matters of which [courts]

may take judicial notice."  Equal Employment Opportunity Commission v. St. Francis Xavier

Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997).

III.    **Analysis**

The Court first addresses the claims against several of the remaining Defendants, finding them without basis in fact or law.  It then briefly addresses the matter of effecting service on Officers Williams and Franklin.

A.    Reyes-Gavilan, Morency, Ovens, and Legal Counsel

Start with the Defendants against whom no specific allegations were levied.  Nowhere in the Amended Complaint does Prince accuse Executive Director Reyes-Gavilan, Director of Public Safety Morency, Librarian Ovens, or the unnamed DCPL Legal Counsel of having anything to do with the November 2021 incident underlying this suit.  To be sure, all of these individuals are "library staff," the group he blames for deciding to remove him from the library and calling in police officers.  See Am. Compl. at 8.  There is nothing in the Amended Complaint specifying who made those decisions, however, and the Court cannot — even for a *pro se* plaintiff — fill in the gaps and assume that these individuals played any role.  Federal Rule of Civil Procedure 8 demands "a short and plain statement of the claim showing that the pleader is entitled to relief."  Nothing about Prince's vague recounting of the DCPL library staff's involvement is "plain," and it does not establish his entitlement to relief against them.

To the extent, moreover, that Plaintiff hopes to hold these DCPL leaders to account for a policy or practice of wrongdoing, the Court has already concluded that the Amended Complaint makes out no such claim against the District, which operates the DCPL.  See Prince, 2022 WL 17415058, at *3.  Specifically, the Court held that "no official governmental policy or custom is the cause of Plaintiff's injury" as pled.  Id.  There is nothing in the Amended Complaint, then, implicating these Defendants, and the claims against them must be dismissed.

B.    <u>Officer Davis</u>

Next up is Officer Davis. The allegations against him are twofold: first, he failed to write up the use-of-force and handcuff complaints in an incident report, as required by MPD policy; second, he never offered to investigate Franklin's "assault and battery." <u>See</u> Am. Compl. at 9. Unfortunately for Prince, while these allegations are clearer than the last, they are legally infirm.

The relevant cause of action appears to be Plaintiff's Fifth Amendment due-process claim. It is no easy fit under that rubric, however. To start, an officer's failure to comply with internal policy does not, on its own, amount to a denial of due process. <u>See</u> <u>Brandon v. Dist. of Columbia Bd. of Parole</u>, 823 F.2d 644, 649 (D.C. Cir. 1987) ("[A] state does not violate an individual's federal constitutional right to procedural due process merely by deviating from its own established procedures."); <u>see also, e.g.</u>, <u>Ben-Reuben v. Westchester Cnty.</u>, 2019 WL 1406868, at *4 (S.D.N.Y. Mar. 28, 2019) (holding that an officer's "failure to file a disciplinary report or a use of force report" as required by "internal policy" does not "give rise to a constitutional claim" and collecting cases); <u>McRae v. Lendsey</u>, 2022 WL 4449225, at *3 (S.D. Ohio Sept. 23, 2022) (similar). Davis's noncompliance thus does not get Plaintiff where he needs to go.

What is more, the Court cannot discern what liberty, privacy, or property interest Prince would have in the accurate recording of the incident. <u>See</u> <u>Atherton v. Dist. of Columbia Office of Mayor</u>, 567 F.3d 672, 689 (D.C. Cir. 2009) ("A procedural due process violation occurs when an official deprives an individual of a liberty or property interest without providing appropriate procedural protections."). Perhaps a police report omitting or misreporting key facts could be said to deprive a suspect of liberty if later used in efforts to charge or prosecute him. <u>See</u> <u>Brandt v. City of LaGrange</u>, 2015 WL 1542086, at *5 (E.D. Mo. Apr. 7, 2015) ("A falsified police

6

report constitutes a due process violation only when it leads to an unconstitutional deprivation of life, liberty, or property[.]").  But the Amended Complaint does not intimate that any of that occurred.  Davis's role in creating an incomplete report thus bears no relation to a protected interest, meaning that this claim cannot stand.  See Jarrett v. Township of Bensalem, 312 F. App'x 505, 507 (3d Cir. 2009) (rejecting "contention that a constitutional right to a correct police report exists" and collecting cases); Landrigan v. City of Warwick, 628 F.2d 736, 744 (1st Cir. 1980) ("For purposes of recovering damages at least, we do not see how the existence of a false police report, sitting in a drawer in a police station, by itself deprives a person of a right secured by the Constitution and laws.").

Prince's suggestion that he was entitled to a police investigation into his claim of assault is similarly unfounded.  Courts have consistently held such assertions meritless.  See Andrews v. Fowler, 98 F.3d 1069, 1078–79 (8th Cir. 1996) (sheriff's failure to investigate alleged rape by deputy did not constitute deprivation of constitutional right giving rise to § 1983 liability); Rolen v. City of Brownfield, 182 F. App'x 362, 364 (5th Cir. 2006) ("Failure to investigate or prosecute an offense does not give rise to § 1983 liability."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (no "enforceable [constitutional] right as a member of the public at large and as a victim to have [deputies accused of obstructing justice] criminally prosecuted"); Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); Dix v. County of Shasta, 963 F.2d 1296, 1298 (9th Cir. 1992), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995) (finding argument that "crime victims have a liberty interest, derived directly from the Due Process Clause, in the incarceration of criminals" to be "unsupportable"); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest

in the prosecution or nonprosecution of another").  After all, "federal courts are not entrusted with the responsibility of ensuring the effective enforcement of state criminal laws; that role falls to state and local law enforcement authorities."  Jennings v. City of Stillwater, 383 F.3d 1199, 1205 (10th Cir. 2004).  The Court sees no reason to depart from this sensible deference to state executive authority.

In sum, Davis's limited involvement is not enough to support the claims against him, and he, too, must be dismissed from the case.

C.    Effecting Service

That leaves just two more Defendants: Officers Williams and Franklin.  Against these, Prince asserts at least one cause of action that appears to be viable — namely, a false-arrest claim under the Fourth Amendment.  See Am. Compl. at 8–9.  Specifically, he alleges that he did not violate any library rules of conduct, nor did he do anything to justify being seized, pushed towards the door, tackled to the ground, and ultimately led out in handcuffs.  See id.  Franklin was at the helm of these actions, but Williams was close at hand the entire time, see id., and is thus conceivably liable as either a direct participant or a bystander who chose "not to act" despite "know[ing] that a fellow officer [was] violating an individual's constitutional right" and having "a reasonable opportunity to prevent the harm."  Moore v. Dist. of Columbia, 79 F. Supp. 3d 121, 135 (D.D.C. 2015).  As the Court cannot dismiss these Defendants yet, it must address the fact that more than a year into the litigation, neither has been served.  See Fed. R. Civ. Pro. 4(m) (allowing 90 days to serve a defendant).

Plaintiff is proceeding in forma pauperis, which means that the "officers of the court shall issue and serve all process" in the case.  See 28 U.S.C. § 1915(d); see also Fed. R. Civ. Pro. 4(c)(3) (requiring court to "order that service be made by a United States marshal . . . if the

plaintiff is authorized to proceed in forma pauperis"). Still, he is not relieved entirely of his duty to aid in the process of serving Defendants. "[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process," which typically includes "providing the addresses of the named defendants." Day v. Haskett, 2021 WL 3510654, at *2 (D.D.C. Aug. 10, 2021) (cleaned up); see also LCvR 5.1(c)(1) ("Those filing *pro se in forma pauperis* must provide in the caption [of the complaint] the name and full residence address or official address of each defendant.").

The Amended Complaint lists the DCPL address as the service address for both Franklin and Williams. See Am. Compl. at 2. The Court has already ordered service on Franklin at that location, see Minute Order of Aug. 29, 2022, but the Marshals returned the summons as unexecuted with a notation that he "no longer works for Library Police." ECF No. 39 (Returned Summons). Prince must therefore apprise the Court of his efforts to locate Franklin's address and whether Williams is still employed by DCPL, or else the remaining claims will be dismissed for want of prosecution.

## IV.    Conclusion

The Court, accordingly, will dismiss Plaintiff's claims against all Defendants except for Officers Williams and Franklin, and it will order Plaintiff to provide an update on where each can be served. A contemporaneous Order will so indicate.


/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge


Date:  May 9, 2024